UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-54-B-W |
| | ) | |
| CURTIS TODD ZETTERMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS INDICTMENT**

Claiming violations of his due process and Second Amendment rights, Curtis Todd Zetterman moves to dismiss the indictment charging him with violating federal criminal law by possessing a firearm after having been committed to a mental institution. The Court denies the motion based on its prior rulings in *United States v. Murphy* and *United States v. Small*.

## I. STATEMENT OF FACTS

### A. Procedural History

On April 19, 2009, a federal grand jury indicted Curtis Zetterman for possession of a firearm after having been committed to a mental institution, a violation of 18 U.S.C. § 922(g)(4). *Indictment* (Docket # 3). On February 19, 2010, Curtis Zetterman moved to dismiss the indictment on two grounds: first, that application of § 922(g)(4) to the facts in this case would violate Mr. Zetterman's due process rights under the Fifth Amendment of the United States Constitution; and, second, that application of § 922(g)(4) to the facts in this case deprives Mr. Zetterman of his Second Amendment right to bear arms. *Mot. to Dismiss Indictment* (Docket # 51) (*Def.'s Mot.*). The Government responded on February 19, 2010. *Gov't's Resp. to Def.'s Mot. to Dismiss Indictment* (Docket # 56). Mr. Zetterman replied on March 4, 2010. *Def.'s Reply to Gov't's Opp'n to Mot. to Dismiss Indictment* (Docket # 57).

### B. Mr. Zetterman's Proffer

Mr. Zetterman says that on April 26, 2006 he was admitted on an emergency basis to Acadia Hospital pursuant to 34-B M.R.S.A. § 3863, a Maine statute that allows for emergency hospitalization based on the asserted belief of an applicant that a person is mentally ill and because of the illness poses a likelihood of serious harm, a doctor's written certification to the same effect, and judicial approval of the application. *Def.'s Mot.* at 4; 34-B M.R.S.A. § 3863(1), (2), (3). Mr. Zetterman acknowledges that the "Application for Emergency Involuntary Admission to a Mental Hospital was made by a crisis clinician, was certified by a Medical Doctor, and certified as to regularity by a District Court judge." *Def.'s Mot.* at 4. Mr. Zetterman "voluntarily participated in treatment while at Acadia Hospital and was discharged by that hospital on April 20, 2006." *Id.* Mr. Zetterman was arrested on October 20, 2008 by police who were "responding to a report of threatening behavior by Mr. Zetterman against another person." *Id.*

### C. Legal Contentions

Mr. Zetterman contends that to treat an emergency psychiatric commitment under Maine statutory law as a commitment under federal criminal law violates his right to due process and "renders the statute, as so construed, unconstitutional." *Id.* at 3. He says despite the fact he was never allowed a commitment hearing, the preemptory emergency process in Maine results in a "permanent deprivation of liberty without the process due under the Fifth Amendment." *Id.*

Mr. Zetterman's Second Amendment argument is that criminalizing the possession of firearms by any person "who has been committed to a mental institution," 18 U.S.C. § 922(g)(4), violates the Second Amendment, because it "creates an over-broad deprivation of a core

constitutional right that does not withstand intermediate scrutiny." *Id.* at 4. This is so, he claims, because "many who are mentally ill are not also dangerous." *Id.*

## II.   DISCUSSION

This is not the first time the Court has addressed these arguments. In *United States v. Murphy*, CR-09-157-B-W, 2010 U.S. Dist. LEXIS 11364 (D. Me. Feb. 3, 2010) and *United States v. Small*, CR-09-184-B-W 2010 U.S. Dist. LEXIS 13698 (D. Me. Feb. 16, 2010), the Court addressed the same due process and Second Amendment issues that Mr. Zetterman raises here. Mr. Zetterman does not contend that there are factual differences between his case and the *Murphy* and *Small* cases that would command a different decision, and the Court perceives none. Accordingly, the Court applies the same reasoning in *Murphy* and *Small* to the same issues presented here and arrives at the same result.

## III.   CONCLUSION

The Court DENIES the Defendant's Motion to Dismiss the Indictment (Docket # 51).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2010